UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RARE BREED TRIGGERS, LLC and ABC IP, LLC., <br><br> Plaintiffs, <br><br> vs. <br><br> MADISON CRAWFORD, et al., <br><br> Defendants. | Case No.: 4:23-CV-0021-CVE-JFJ <br><br> **PLAINTIFFS' OPPOSITION TO SECOND MOTION TO QUASH OR MODIFY SUBPOENA** |

Defendant MDN Unlimited, Inc. ("MDN") asserts that the subpoena served on Arvest Bank should be quashed because it is an undue burden on a third party, the information requested does not pertain to whether the accused PARA-15 trigger infringes the claims of the Plaintiffs' U.S. Patent No. 10,5124,223 ("the '223 Patent"), and is "protected and sensitive" information.

In brief, (1) Arvest Bank's Subpoena Department stands ready to deliver the requested information, (2) the information sought is highly relevant to the determination of damages for patent infringement and (3) its confidentiality is fully protected by the mutually agreed-upon Protective Order already entered in this case.

**Standing**

MDN argues that it has standing to object to the non-party subpoena served by Plaintiffs on Arvest Bank. MDN acknowledges that the documents or information sought is not protected by privilege. The protection of confidentiality will be addressed below. Thus, Plaintiffs will not further address the question of standing.

1

**Relevance of the Information Sought**

MDN does not deny manufacturing and selling PARA-15 triggers. As MDN states, infringement is determined by construing the claims and comparing those claims to the accused product. But determining infringement *liability* is only one part of the process. The information sought by this subpoena is relevant to the determination of *damages*.

Plaintiffs have the right to determine the number and value of the infringement. Defendants' counsel has represented to Plaintiffs that MDN does not have sufficient records from which to determine how many of the accused triggers were manufactured or sold. While the banking records may not reflect cash sales of the PARA-15 trigger, the records of payments made to vendors and received from customers can be compared to purchase orders and invoices from other sources to determine the extent of the infringement and whether information from the Defendants and other sources is accurate and complete. Thus, the information is entirely relevant.

**Confidentiality of Sensitive Business Information**

MDN has not argued that the information sought is "protected" by any privilege or other basis. The mutually agreed-upon Protective Order in this case (*Dkt*. 62) protects the confidentiality of MDN's business information. The Protective Order provides that documents and information can be designated "Highly Confidential," which is effectively an "attorneys' eyes only" designation. Plaintiffs' counsel will treat the information produced in response to the subpoena as "Highly Confidential" under the terms of the Protective Order unless or until instructed or agreed otherwise. This fully and adequately protects the confidentiality of MDN's

business information and interests. Plaintiffs have no intention or desire to "take over Defendants' business." They simply wish to enforce their patent rights and to be compensated fairly for the infringement.

**Undue Burden to Third Party**

The subpoena does not subject a third party (Arvest Bank) to undue burden. There is no reason to believe the information sought is not electronically stored and, therefore, easily gathered. Arvest Bank has a "Subpoena Department" and stood ready to deliver the documents and information in compliance with the subpoena when the present Second Motion was filed. *See* Ex. A hereto. By standard policy, Arvest Bank will present an invoice for its time and costs when the documents/information are produced, which Plaintiffs will happily pay.

**Illegality**

MDN mistakenly asserts that a notice from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is a legal determination, while at the same time acknowledging that there is pending litigation specifically to make such a legal determination. But ATF's position with respect to the parties' products (and even the ultimate resolution of the question) is irrelevant to the question of patent infringement liability and the remedies available to the Plaintiffs.

A patent is the right to *exclude* others from making, using, selling, offering for sale, or importing infringing products. 35 U.S.C. § 271; *Fuller v. Berger*, 120 F. 274, 278 (7th Cir. 1903) ("The inventor's right to make, vend, and use his device does not come from the patent law; it is his natural right. The government's grant to the patentee and his assigns is the right to exclude

3

others from practicing the invention.") ATF's position—and even the ultimate determination of legality of either party's product—is irrelevant to infringement liability or available remedies. This has already been decided by the courts with respect to injunctive relief. "But if the defendant can do no more than show that the complainant has committed some legal or moral offense, which affects the defendant only as it does the public at large, the court must grant the equitable remedy and leave the punishment of the offender to other forums." *Id*. at 278.

An award of damages is controlled by the patent damages statute. "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. MDN's implicit suggestion is that "illegality" of either party's product might preclude a damages award. But this is incorrect; the statute dictates otherwise. *Id*. What and how much the Plaintiffs are or are not selling may factor into a calculation of what is "adequate to compensate for the infringement" (e.g., lost profits), but not whether *any* damages are to be awarded. When, after a determination of infringement, a court considers whether there is *any* situation where damages would be precluded, the statute sets an absolute floor and instructs that "the court *shall* award the claimant damages adequate to compensate for the infringement, but *in no event* less than a reasonable royalty." Thus, if we ask, "Is there *any* situation where a damages award may be precluded?" the statute answers, "*in no event*."

**Conclusion**

The information sought by the subpoena is relevant to the issue of patent infringement damages. It is not overly broad, burdensome, or intrusive. It is limited to MDN's business

4

accounts and the confidentiality of the information is adequately protected by MDN's choice of designation under the existing Protective Order in this case. No modification to the subpoena is necessary or appropriate. MDN's Second Motion to Quash should be DENIED.

DATED: April 20, 2023

Respectfully submitted,

/s/ *Glenn D. Bellamy*

Glenn D. Bellamy, Esq. (Pro hac vice)
 gbellamy@whe-law.com
Charles D. Pfister, Esq. (Pro hac vice)
 cpfister@whe-law.com
**Wood Herron & Evans LLP**
600 Vine Street
Suite 2800
Cincinnati OH 45202
T: (513)241-2324
F: (513)241-6234

and

Colin H. Tucker, OBA 16325
chtucker@rhodesokla.com
**Rhodes Hieronymus Jones Tucker & Gable**
P.O. Box 21100
Tulsa, OK  74121-1100
(918) 582-1173
(918) 592-3390 [fax]

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy to all counsel of record.

*/s/ Glenn D. Bellamy*
Glenn D. Bellamy, Esq.
***Attorney for Plaintiffs***