IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RARE BREED TRIGGERS, LLC,** et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**MADISON CRAWFORD, et al.,**<br><br>    Defendants. | Case No. 23-cv-00021-SEH-JFJ |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs Rare Breed Triggers, LLC, and ABC IP, LLC (together, "Plaintiffs") and Defendants in Case No. 23-cv-00021-SEH-JFJ Madison Crawford, David Gormley, Nathan Gormley, and MDN Unlimited, Inc. (together, "Defendants") (collectively, "the Parties") filed a Joint Motion for Entry of Consent Judgment and Permanent Injunction informing the Court that they have agreed to the entry of this Final Judgment.

The Parties advise the Court that they **HEREBY STIPULATE AND AGREE TO THE FOLLOWING:**

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et. seq. and 15 U.S.C. § 1051 *et seq*. The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. The Court has personal jurisdiction over the parties and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1400.

3. Rare Breed Triggers, LLC ("Rare Breed") is a limited liability company organized under the laws of the State of Texas (previously organized in North Dakota).

4. ABC IP, LLC ("ABC") is a limited liability company organized under the laws of the State of Delaware.

5. Madison Crawford is an individual residing in Oklahoma.

6. David Gormley is an individual residing in Oklahoma.

7. Nathan Gormley is an individual residing in Oklahoma.

8. MDN Unlimited, Inc. ("MDN") is a corporation organized under the laws of the State of Oklahoma.

9. ABC is the owner of all right, title and interest in and to United States Patent Number 10,514,223 entitled "Firearm Trigger Mechanism" ("the '223 Patent").

10. Rare Breed holds the exclusive license to sell products covered by the '223 Patent and has standing to collect damages for lost profits.

11. All of the claims of the '223 Patent are valid and enforceable.

12. The Para-15 Drop in Trigger has been accused of infringing the '223 Patent.

13. The Parties intend that the issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and that this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars the Defendants from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable, or not infringed.

14. Defendants have been making or causing to be made, using or causing to be used, offering to sell, and selling forced reset triggers (i.e., the Para-15 Drop in Trigger) which are covered by one or more claims of the '223 Patent (the "Infringing Products").

15. At least one claim of the '223 Patent is infringed by the Infringing Products sold or offered for sale by Defendants.

16. The Parties agree that Plaintiffs had the manufacturing capacity to produce and staff to sell all of the Infringing Products sold by Defendants, and but for the infringement would have realized significant profits and royalties from such sales.

17. Plaintiffs and Defendants have entered into a separate Confidential Settlement Agreement in which they have agreed to terms of compensation for the infringement.

18.     Plaintiffs have no adequate remedy at law as to the threat of ongoing infringements by Defendants and are entitled to an injunction barring the ongoing sale of Infringing Products.

19.     Violation by any of the Defendants or anyone acting in concert with any of them of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs should be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

20.     Defendants waive all right to appeal any part of this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

21.     Upon entry of this Consent Judgment and Permanent Injunction, this action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment, Permanent Injunction, and the Confidential Settlement Agreement.

Based on the Stipulations by the Parties, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.     Each and all of the Defendants, including any successors, agents, assigns, and transferees, all others holding by, through or

under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, investors, managers, and members of the parties and who receive actual notice of this injunction, are PERMANENTLY ENJOINED during the unexpired term of the '223 Patent from making or causing to be made, using or causing to be used, importing, offering for sale, or selling either directly, contributorily or by inducement in the United States any product covered by any claim of the '223 Patent.

    2.     The Permanent Injunction in Paragraph 1 shall automatically terminate and expire upon expiration of the '223 Patent or upon the entry of a final and unappealable court Order finding that the '223 Patent is invalid.

    3.     All claims asserted by Plaintiffs against Defendants are hereby dismissed with prejudice.

    4.     The issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars each and any of the Defendants from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable or not infringed.

5.  This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall finally conclude and dispose of this litigation as to the Parties, and Plaintiffs and Defendants shall be entitled to issue preclusion, claim preclusion, *res judicata* and collateral estoppel effect in future litigation or Patent Office proceedings related to the '223 Patent. This Order explicitly intends such issue preclusion, claim preclusion, *res judicata* and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the '223 Patent, whether raised in a court proceeding, Patent Office proceeding, reexamination, *inter panes* review, or other dispute.

6.  The Court finds that violation of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION each or any of the Defendants would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs shall be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

7.  This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall bind all parties, including any successors, assigns, and transferees, all others holding by, through or under the parties

hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, investors, managers, and members of the parties.

8. All parties have read this CONSENT JUDGMENT AND PERMANENT INJUNCTION, have been advised by counsel, and agree to be fully bound by its terms.

9. This Court retains exclusive jurisdiction of this action for the purpose of compliance with this CONSENT JUDGMENT, PERMANENT INJUNCTION and CONFIDENTIAL SETTLEMENT AGREEMENT.

10. Final judgment shall be entered pursuant hereto, without further notice.

The Clerk is directed to enter this Final Judgment forthwith.

DATED this 21st day of November, 2024.

                                                    Sara E. Hill
                                                    UNITED STATES DISTRICT JUDGE

CONSENT TO BE BOUND:

MDN Unlimited, Inc.

By: _____

Title: _____

David Gormley

By: _____

Title: _____

Madison Crawford

By: _____

Title: _____

Date: 11-12-2024

Nathan Gormley

By: _____

Title: _____

Date: 11/12/2024

AGREED AS TO FORM:

/Kevin B. Joyce/
Kevin B. Joyce
JOYCE & GRADDY, PLLC
515 South Main
St. Suite 300
Tulsa, OK 74103-4475
Email: kevin.joyce@joycegraddy.com
Tel: (918) 585-2751

*Attorney for Defendants*

/Glenn D. Bellamy/
Glenn D. Bellamy (Pro Hae Vice) WOOD HERRON & EVANS LLP
600 Vine St
Suite 2800
Cincinnati, OH 45202
Email: gbellamy@whe-law.com Tel: (513) 707-0243

*Attorney for Plaintiffs*