IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RARE BREED TRIGGERS, INC.;** and **ABC IP, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**MADISON CRAWORD, et al.,**<br><br>Defendant. | **Case No. 23-CV-00021-SEH-JFJ** |

## ORDER

Before the Court is Plaintiffs' Motion to Enforce Consent Judgment and Permanent Injunction [ECF No. 89]. Plaintiffs' also filed an unredacted, sealed version of the declaration offered in support of Plaintiffs' motion. [ECF No. 96]. Defendants did not respond to the motion. For the reasons set forth herein, Plaintiffs' motion is denied.

### I. Discussion

This is a patent infringement case involving U.S. Patent No. 10,514,223, which covers a firearm trigger mechanism. After the Court entered its opinion and order construing terms pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996), The parties moved for, and the Court entered, a consent judgment. [ECF Nos. 84, 85]. The consent judgment acknowledges that the parties

"entered into a separate Confidential Settlement Agreement in which they have agreed to terms of compensation for the infringement." [ECF No. 83 at 5]. Plaintiffs now assert that Defendants failed to complete payments that were due under the terms of the settlement agreement, which they assert is a "breach of material terms of performance." [ECF No. 89 at 1]. Plaintiffs seek the following relief:

1. Finding that Defendants are in material breach of their Confidential Settlement Agreement;

2. Finding that Defendants' breach triggered their liability for liquidated damages pursuant to the Confidential Settlement Agreement;

3. Entering an Amended Judgment for Plaintiffs in the amount due, owing and unpaid pursuant to the Settlement Agreement, including its liquidated damages provision.

[*Id.* at 2].

Plaintiffs cite no authority in their motion, so it is unclear what procedural mechanism they wish to proceed under. And although Plaintiffs rely on a declaration that purports show some of the terms of the settlement agreement, Plaintiffs did not submit the settlement agreement for the Court's consideration. Nor does the declaration identify the amount of the purported liquidated damages provision that it seeks to include in an amended judgment. Without reviewing the settlement agreement between the parties, the Court cannot determine whether Plaintiffs' requested relief is proper.

## II. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Enforce Consent Judgment and Permanent Injunction [ECF No. 89] is DENIED without prejudice to Plaintiffs' ability to refile their motion with sufficient support for their requested relief.

DATED this 22nd day of August, 2025.

*Sara E. Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE